

**FILED & ENTERED**

**JUN 25 2024**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** johnson **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>TONY'S EXPRESS, INC.<br><br><br><br>Debtor-in-Possession. | Case No.  2:24-bk-14879-VZ<br><br>Chapter 11, Subchapter V<br><br>**ORDER:**<br><br>**(1) SETTING CONFERENCE ON STATUS OF SUBCHAPTER V CASE;**<br><br>**(2) REQUIRING DEBTOR TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF SUBCHAPTER V CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7, OR (B) DISMISSAL OF CASE;**<br><br>**(3) REQUIRING SUBCHAPTER V TRUSTEE TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF TRUSTEE'S DUTIES;**<br><br>**(4) REQUIRING COMPLIANCE WITH STANDARDS RE EMPLOYMENT AND FEE APPLICATIONS;**<br><br>**(5) GIVING NOTICE OF PROBABLE USE OF COURT-APPOINTED EXPERT WITNESS FOR CONTESTED VALUATION REQUESTS;**<br><br>**(6) MANDATING USE OF FORMS FOR SUBCHAPTER V PLAN AND PERTINENT MOTIONS; and**<br><br>**(7) ESTABLISHING PROCEDURE FOR MOTION FOR ORDER CONFIRMING SUBCHAPTER V PLAN**<br><br><u>Subchapter V Status Conference Date</u><br>Date:    **August 15, 2024**<br>Time:   10:00 a.m.<br>Place:   Courtroom 1368, Roybal Federal Building<br>             255 E. Temple Street, Los Angeles, CA 90012 |

On June 20, 2024, TONY'S EXPRESS, INC. ("Debtor" or "Debtor-in-Possession") filed a voluntary bankruptcy case under Subchapter V of chapter 11 (the "Subchapter V Case"). Pursuant to 11 U.S.C. § 1183, a Subchapter V trustee was or **will be appointed**. Pursuant to 11 U.S.C. § 1188 and to expedite the disposition of the Subchapter V Case, establish early and continuing control so that the Subchapter V Case will not be protracted because of lack of management, and to discourage wasteful pre-confirmation activities, **I ORDER THE FOLLOWING:**

**I.  DEBTOR'S APPEARANCE AND STATUS REPORT: CONTENTS, FILING, SERVICE**

The Debtor must appear at the status conference. No later than **August 1, 2024**, the Debtor must file a report on the status of the Subchapter V Case (the "Status Report") which includes a proof of service of the Status Report on the U.S. trustee, the Subchapter V trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims**,** and a judge's copy. The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

**A.**  Estimate for Filing Plan and Motion to Confirm Plan. Provide an estimate of when the Debtor will file (1) a plan of reorganization ("Plan") within the time frame of 11 U.S.C. § 1189(b), which is **September 18, 2024,** unless the deadline is extended for cause, and (2) a motion for order confirming chapter 11 plan ("Confirmation Motion").

**B**.  Objections to Claims. State whether a deadline should be set for **hearings on objections to claims to be held** and, if so, what that deadline should be; the proposed deadline should take into account General Order 20-01, which sets two deadlines to file proofs of claim: (1) 70 days after the order for relief for all other claims (August 29, 2024); and (2) 180 days after the order for relief for claims filed by governmental units (December 17, 2024).

  **C.** <u>Estimated Deadline for § 1111(b) Election</u>.  Propose a deadline for a creditor to make an election under 11 U.S.C. § 1111(b).

  **D**. <u>Debtor's Duties</u>.  Disclose whether the Debtor has performed all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187 [including § 308(b)]; if not, why not;

  **E.** <u>Pre-Confirmation Payments</u>.  Disclose whether the Debtor has transmitted preconfirmation payments and funds to the Subchapter V trustee as is allowed under 11 U.S.C. § 1194;

  **F**. <u>Litigation and Post-Petition Operations</u>.  Describe concisely the post-petition operations of the Debtor (including authority to use cash collateral), litigation in which the Debtor is involved, and the status of the Debtor's efforts to reorganize; and

  **G.** <u>Professionals and Fee Budget</u>.  Disclose whether Debtor has hired -- *or intends to hire* -- any professionals and, if so, whether the professional's employment has been approved by the Court.  If such employment has not been approved, explain why.  Provide a budget of estimated fees and expenses to be incurred by the professionals employed at the expense of the estate.  The budget must include all information indicated in the "Instructions for the Professional Compensation and Fee Budget" posted on this court's page of the court's website.  The address is <u>www.cacb.uscourts.gov</u>.

  **(1) On Main Page—locate the red menu bar at the top, select JUDGES;**
  **(2) Under "JUDGE CONTACT LIST", select HON. VINCENT P. ZURZOLO; and**
  **(3) Under the tab marked INSTRUCTIONS/PROCEDURES,** download and print out the "Instructions for the Professional Compensation and Fee Budget".

## II.  TRUSTEE'S APPEARANCE AND STATUS REPORT

Pursuant to 11 U.S.C. § 1183(b), the Subchapter V trustee must appear at the Status Conference and report on the status of this Subchapter V Case.  No later than **August 1, 2024**, the Subchapter V trustee must file -- and serve on the Debtor and the U.S. trustee – a status report to indicate progress in carrying out the Subchapter V trustee's duties under 11 U.S.C. § 1183(b).

### III. STATUS CONFERENCE

I will conduct a status conference ("Status Conference") on **August 15, 2024 at 10:00 a.m. at Ctrm 1368, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012**.  Pursuant to FRBP Interim Rule 3017.2, at the Status Conference I will ordinarily: (1) set a deadline for hearings to be held on objections to claims; (2) set a deadline for entry of an order approving the Confirmation Motion; and (3) set a hearing on an order to show cause why this Subchapter V Case should not be converted to a case under chapter 7 or dismissed if these deadlines are not met by the Debtor.  If the Debtor does not timely file and serve a Status Report and appear at the Status Conference, then at the Status Conference I may order: (1) the conversion of the Subchapter V Case to one under chapter 7, or (2) the dismissal of the Subchapter V Case pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b).

### IV.  STANDARDS:  EMPLOYING PROFESSIONALS; FEE APPLICATIONS

I have promulgated standards that I will apply in considering employment applications under 11 U.S.C. §§ 327 and 1195, and fee applications under 11 U.S.C. §§ 330 and 331.  The standards are posted on this court's page of the Court's website under "Notice of Amended Standards to be Employed in the Review of Applications for Authorization of Employment on Employment of Professionals" and "Notice of Standards to be Employed in the Review of Applications for the Allowance of Compensation and the Reimbursement of Expenses".  (See paragraph I.F. above for instructions on accessing these documents.)  Please carefully read them before filing any application.

### V.  VALUATION REQUESTS

If a request to value collateral is made pursuant to 11 U.S.C. § 506(a) and FRBP 3012, and more than one party intends to provide evidence of value, the court will likely also require testimony

of a court-appointed expert witness [FRE 706(a)]. The parties will equally share the cost of this witness and must make payment within 30 days of receipt of a fee statement from this expert witness. See LBR forms F 3012-1.MOTION.VALUATION and F 3012-1.ORDER.VALUATION.

## VI.  MANDATORY USE OF LBR FORMS FOR MOTIONS IN F 2081-2 SERIES

Individual Debtors must use form motions and orders in the LBR forms F 2081-2 series.

## VII.  PLAN CONFIRMATION PROCEDURE

**A.** <u>Mandatory Forms</u>.  All Subchapter V debtors must use the following forms when preparing the Plan and delivering notice of dates and deadlines related to confirming the Plan. The forms are available on this court's page of the court website at the link for "**Forms**", then "**Chapter 11 Forms for Use Only by Subchapter V Debtors**". **(**See paragraph I.F. above for accessing website documents.  Select the "**Forms**" link.  Then select the links to these forms.)

| | |
|---|---|
| VZ SUBCHAPTER.V.PLAN | "**Plan**" |
| VZ SUBCHAPTER.V.EXHDEC.PLAN | "**Plan Exhibits and Declarations**" |
| VZ SUBCHAPTER.V.NOTICE.DEADLINES.PLAN | "**Notice of Dates and Deadlines**" |
| VZ SUBCHAPTER.V.MOTION.PLAN | "**Motion to Confirm Plan**" |
| VZ SUBCHAPTER.V.ORDER.PLAN | "**Order Confirming Plan**" |

**B.** <u>Confirmation Motion</u>.  At the Status Conference, I shall:

(1) Set a hearing on a Confirmation Motion.
(2) Set a deadline for serving the Notice of Hearing on Confirmation Motion, which must be served at least 42 days prior to the hearing; and
(3) Set a deadline for creditors and equity security holders to transmit ballots and preliminary objections to the Plan to the Debtor and Debtor's attorney.

**C.** <u>Notice of Dates and Deadlines</u>. Notice of (a) the hearing on the Confirmation Motion, (b) the deadline for filing and serving objections to the Confirmation Motion, and (c) the deadline for voting on the plan, must be filed and served in accordance with F.R.B.P. 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020.

**D.** <u>Confirmation Motion</u>. All Subchapter V debtors must request an order confirming plan under 11 U.S.C. § 1191 by motion within the meaning of FRBP 9013 and 9014. The Confirmation Motion must be served upon the U.S. trustee, the Subchapter V trustee, any party that has timely filed and served a preliminary objection to confirmation by the ballot deadline, and any party that has voted against the Plan. A judge's copy must also be served as provided for in Local Bankruptcy Rule 5005-2(d) and the Court Manual. The Confirmation Motion must meet at least the following criteria:

(1) **Evidence**. The Confirmation Motion must be supported by evidence establishing that the plan is confirmable under 11 U.S.C. § 1191; evidence must admissible under the Federal Rules of Evidence and in compliance with LBR 9013-1(c)(3) and 9013-1(i).

(2) **Service**. At least 21 days before the confirmation hearing, the Confirmation Motion must be served on the United States trustee, on the Subchapter V trustee, and on all creditors and equity security holders who have filed and served on the Debtor a preliminary objection to confirmation and/or voted to reject the Plan; and

(3) **Notice of Hearing**. The Debtor must serve a notice of the confirmation hearing that contains, among other information, notice that any party opposing the Confirmation Motion must file and serve its written opposition at least 14 days before the confirmation hearing date, and the opposition must be supported by admissible evidence.

**IT IS FINALLY ORDERED** that failure by the Debtor to comply with any provision of this order may be deemed consent to:

    (1) removal of the debtor-in-possession pursuant to 11 U.S.C. § 1185(a) and invocation of 11 U.S.C. § 1183(b) to add duties for the Subchapter V trustee;

    (2) dismissal of this case pursuant to 11 U.S.C. § 1112(b);

    (3) conversion to a case under chapter 7 pursuant to 11 U.S.C. § 1112(b); or

    (4) conversion to a chapter 11 case not under Subchapter V and appointment of a chapter 11 trustee.

###

Date: June 25, 2024

Vincent P. Zurzolo
United States Bankruptcy Judge